Honorable Brian D. Lynch
Hearing date: December 16, 2020
Hearing time: 9:00 a.m.
Response date: December 9, 2020
Chapter 7
Location: Telephonic

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | No. 20-40514 |
| COOKIE KINNEY, | MOTION TO APPROVE SETTLEMENT |
| Debtor. | |

## I. FACTS

The debtor filed the present Chapter 7 Bankruptcy Petition on February 21, 2020. The debtor's Statement of Financial Affairs listed payments to National Debt Relief for debt consolidation services in the amount of "$101.50, twice a month for the last year" in the one year prior to filing the Bankruptcy Petition, or the sum of approximately $2,436. Based on documentation later produced to the Trustee by the debtor, the amount of the payments made to National Debt Relief LLC (hereinafter referred to as "NDR") in the one year period prior to the filing of the Bankruptcy Petition, before she canceled her account with NDR, totaled $2,030. The Trustee believed that the payments made to NDR were either avoidable pursuant to 11 U.S.C. § 548 and/or that the fees retained by NDR, in the aggregate amount of $711.69, were done so in violation of the Washington Debt Adjusting Act (RCW 18.28 *et seq*), which would also constitute a violation of the Washington Consumer Protection Act (RCW 19.86 *et seq*), entitling the estate to recover treble damages and attorney fees and costs if successful. Accordingly, an adversary proceeding to recover the transfers in question was filed on October

KATHRYN A. ELLIS PLLC
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

**MOTION TO APPROVE SETTLEMENT - 1**

Case 20-40514-BDL    Doc 24    Filed 11/06/20    Ent. 11/06/20 14:15:23    Pg. 1 of 4

7, 2020. Counsel for NDR contacted the Trustee and offered to settle the estate's claims for payment in the amount of $2,000.00, which the Trustee rejected, due to the strength of her claims, but the Trustee submitted a counteroffer in the amount of $2,300.00, which NDR has accepted, subject to Court approval.

## II. ISSUES

2.1 **Whether the settlement agreement is fair, reasonable and should be approved, after consideration of the four factors set forth in *A & C Properties*, 784 F.2d 1377 (9th Cir. 1986).**

## III. DISCUSSION

3.1 **The compromise/settlement is fair, reasonable and should be approved**.

The Court has great latitude in approving compromise agreements and may approve a compromise if it is "fair and equitable." *In re Woodson*, 839 F.2d 619, 620 (9th Cir.1988). An order approving a compromise will be upheld absent abuse of discretion. *In re A & C Properties*, 784 F.2d 1377 (9th Cir. 1986).

To determine whether a compromise is fair and equitable, the Court should consider the probability of success in the litigation, the difficulties to be encountered in collection, the litigation's complexity and its attendant expense, inconvenience and delay, and the paramount interest of the creditors with a proper deference to their reasonable views. *In re MGS Marketing*, 111 B.R. 264 (9th Cir. BAP 1990); *In re Woodson, supra*; *In re A & C Properties, supra*.

A compromise should be approved if the Trustee establishes to the reasonable satisfaction of the Court that it is prudent to eliminate the risks and delays of litigation to achieve certainty rather than a possible ultimate recovery. *In re Central Ice Cream Co.*, 59 B.R. 476, 487-488 (Bankr. N.D. Ill. 1985). The Court does not have to decide the numerous questions of

MOTION TO APPROVE SETTLEMENT - 2

KATHRYN A. ELLIS PLLC
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

Case 20-40514-BDL    Doc 24    Filed 11/06/20    Ent. 11/06/20 14:15:23    Pg. 2 of 4

fact and law raised by objecting parties. *In re Heissinger Resources Ltd.* 67 B.R. 378, 383 (C.D. Ill, 1986). The Court's responsibility is to canvass the issues and see whether the settlement "falls below the lowest point in the range of reasonableness". *Id., citing, In re W.T. Grant Co.*, 699, F.2d 599, 608 (2nd Cir. 1983).

The Trustee believes the settlement proposed is fair, reasonable, and in the best interest of the estate. In reaching the settlement, the Trustee considered the factors outlined in *In re A & C Properties,* 784 F.2d 1377 (9th Cir. 1986), as set forth below:

a. <u>Probability of Success in Litigation</u>

While NDR appeared informally through counsel and disputed the application of RCW 18.28.080 (1) against NDR, the Trustee is confident that she would prevail on NDR's violation of the Debt Adjustment Act.

b. <u>Collection Difficulties</u>

No collection difficulties were considered in this settlement as the settling party is believed to be solvent.

c. <u>Complexity and cost of Litigation, inconvenience of delay</u>

The adversary proceeding was only recently filed and any further litigation regarding the amount or the extent of the damages or award to be made would increase the cost of litigation and delay the resolution.

d. <u>Best Interest of Creditors</u>

Costs of administration will be greatly reduced if this settlement agreement is approved. Enhancing the amount of the distribution by the estate by the reduction of such costs, and avoiding further delay in the distribution is in the best interest of creditors.

MOTION TO APPROVE SETTLEMENT - 3

KATHRYN A. ELLIS PLLC
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

## IV. SUMMARY

Given (1) the complexity, expenses and likely duration of litigation; (2) the balance between the likelihood of success compared to the present and future benefits offered by the litigation; (3) the risk of establishing liability and damages; (4) the relative benefits achieved through settlement; (5) the proportion of the Bankruptcy Class that are believed will support the settlement; and (6) the range of reasonableness of the settlement fund in light of all the attendant risks of litigation, the Trustee submits that the settlement should be approved.

DATED this 6th day of November, 2020.

By: /s/ Kathryn A. Ellis
Kathryn A. Ellis, WSBA #14333
Attorney for Trustee

C:\Shared\OneDrive - Kathryn A Ellis\Shared\KAE\Dox\TRUSTEE\Kinney\settle_mot.wpd

**MOTION TO APPROVE SETTLEMENT - 4**

KATHRYN A. ELLIS PLLC
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002