Honorable Brian D. Lynch
Hearing date: December 16, 2020
Hearing time: 9:00 a.m.
Response date: December 9, 2020
Chapter 7
Location: Telephonic

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>COOKIE KINNEY,<br><br>Debtor. | No. 20-40514<br><br>DECLARATION OF TRUSTEE IN SUPPORT OF MOTION TO APPROVE SETTLEMENT |

Kathryn A. Ellis declares and states as follows:

1. I am the Trustee in this matter and have testimonial knowledge of the facts set forth in this declaration.

2. The debtor filed the present Chapter 7 Bankruptcy Petition on February 21, 2020. The debtor's Statement of Financial Affairs listed payments to National Debt Relief for debt consolidation services in the amount of "$101.50, twice a month for the last year" in the one year prior to filing the Bankruptcy Petition, or the sum of approximately $2,436. Based on documentation later produced to me by the debtor, the amount of the payments made to National Debt Relief LLC (hereinafter referred to as "NDR") in the one year period prior to the filing of the Bankruptcy Petition, before she canceled her account with NDR, totaled $2,030. From my review of the documentation produced, I believed that the payments made to NDR were either avoidable pursuant to 11 U.S.C. § 548 and/or that the fees retained by NDR, in the aggregate amount of $711.69, were done so in violation of the Washington Debt Adjusting Act (RCW 18.28 *et seq*), which would also constitute a violation of the Washington Consumer Protection

DECLARATION OF TRUSTEE IN SUPPORT
OF MOTION TO APPROVE SETTLEMENT - 1

KATHRYN A. ELLIS PLLC
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

Act (RCW 19.86 *et seq*), entitling the estate to recover treble damages and attorney fees and costs if successful. Accordingly, an adversary proceeding to recover the transfers in question was filed on October 7, 2020. Counsel for NDR contacted me and offered to settle the estate's claims for payment in the amount of $2,000.00, which I rejected, due to the strength of the claims, but I submitted a counteroffer to NDR in the amount of $2,300.00, which NDR has accepted, subject to Court approval. A copy of the proposed Release and Settlement Agreement is attached hereto as Exhibit 1.

      3.     It is my opinion, in my best business judgement, that the settlement is optimum for this case and should be approved by the Court.

      4.     The compromise/settlement is fair, reasonable and adequately based on the facts and circumstances. B.R. 9019(a) and 7023. The substantive terms of the settlement compare favorably with the likely rewards of litigation. The process by which the settlement was reached was arm's length negotiation, and that all interests have been effectively represented.

      5.     Given the probability of success in the litigation, the risks inherent in all litigation, complexity and its attendant expense, inconvenience and delay, and the paramount interest of the creditors with a proper deference to their reasonable views, the settlement proposed should be approved. The proposed settlement is believed to be above the "lowest point in the range of reasonableness", and I submit that the settlement should be approved.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Dated this 6th day of November, 2020 at Seattle, Washington.

By: /s/ Kathryn A. Ellis
Kathryn A. Ellis

C:\Shared\OneDrive - Kathryn A Ellis\Shared\KAE\Dox\TRUSTEE\Kinney\settle_dec.wpd

**DECLARATION OF TRUSTEE IN SUPPORT
OF MOTION TO APPROVE SETTLEMENT - 2**

KATHRYN A. ELLIS PLLC
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

Case 20-40514-BDL    Doc 26    Filed 11/06/20    Ent. 11/06/20 14:22:19    Pg. 2 of 7

# EXHIBIT 1

# RELEASE AND SETTLEMENT AGREEMENT

This Release and Settlement Agreement (the "Agreement") is entered into by and between Kathryn Ellis as Chapter 7 Bankruptcy Trustee for the Bankruptcy Estate of Cookie Kinney (collectively, "Ellis") on the one hand and National Debt Relief, LLC and their current representatives, managers, members, owners, partners, and parents on the other hand, (collectively, "NDR"). Ellis and NDR are cumulatively referred to herein as the "Parties" and each individually, as a "Party".

WHEREAS, disputes and controversies now exist between the Parties; ("Dispute");

WHEREAS, Ellis filed a lawsuit titled *Ellis v. National Debt Relief, LLC*; Adv No.: 20-04063; ("Lawsuit");

WHEREAS, NDR denies any wrongful, improper, or unlawful conduct; and

WHEREAS, the Parties now desire to finally and fully settle all differences between them;

NOW, THEREFORE, for and in consideration of the covenants and promises set forth below and for other good and valuable consideration, receipt and sufficiency of which is hereby acknowledged, and to avoid the time, expense, and inconvenience of further litigation, the Parties agree, covenant and represent as follows:

1. <u>Payment</u>. NDR shall pay to Ellis the total amount of $2,300.00 (the "Settlement Amount"). Ellis agrees that the foregoing payment constitutes the amount of monetary consideration provided under this Agreement and that she will not seek any further compensation from NDR. Payment shall be made within five (5) business days from the Effective Date of this Agreement. If by check, the Settlement Amount will be made payable to Kathryn A. Ellis, Trustee for the Bankruptcy Estate of Cookie Kinney.

2. <u>Bankruptcy Court Approval</u>. The terms of this Agreement shall be null and void if the Bankruptcy Court does not approve it.

3. <u>Attorney Fees.</u> The Parties shall each bear their own litigation costs, expenses, and/or attorney fees in any way relative to the claims asserted in the Dispute, or that could have been asserted in the Dispute.

4. <u>Dismissal of Lawsuit</u>. Within five (5) days of receipt of the Settlement Amount as defined herein, Ellis will dismiss the Lawsuit with prejudice and provide proof thereof to NDR.

5. <u>No Admission</u>. This Agreement does not constitute, nor shall it be construed to be, or used as evidence of, an admission of the truth or validity of any claims or contentions asserted by Ellis against NDR or any other person or entity.

6. **Mutual Releases.** Ellis, for herself and her respective agents, representatives, assigns and heirs, hereby fully, completely and forever releases, acquits, holds harmless, and discharges NDR and all their respective attorneys, officers, employees, directors, members, successors, predecessors, agents, representatives, affiliates, heirs and assigns, from and against any and all past and present, causes of action, damages, losses, counterclaims, demands, obligations, damages, penalties, fines, liabilities and injuries, including but not limited to all liability, costs, expenses, fees (including attorney fees), and interest, and further including post-settlement interest, of any kind or description whatsoever in law or in equity, known or unknown, latent, or hereafter discovered, and all other damages, both compensatory and punitive, whether direct or indirect, arising in tort, contract, statute, administrative rule or process, regulatory rule or process or otherwise which Ellis has, had, or may have, on behalf of Debtor Cookie Kinney in Ellis's capacity as Chapter 7 Bankruptcy Trustee, except for the obligations specifically provided for in this Agreement.

NDR hereby fully, completely, and forever releases, acquits, holds harmless, and discharges Ellis from and against any claims, causes of action, damages, losses and injuries, including but not limited to all liability, costs, expenses, fees (including attorney fees), and interest, of any kind or description whatsoever in law or in equity, known or unknown, latent or hereafter discovered, and all other damages, both compensatory and punitive, whether direct or indirect, arising in tort, contract, statute, administrative rule or process, regulatory rule or process or otherwise which they have, had, or may have had, except for the obligations specifically provided for in this Agreement.

7. **Acknowledgement.** The Parties warrant that this Agreement is not unconscionable, inequitable or otherwise unfair and also warrant that they have been advised of the desirability of seeking the advice of independent counsel regarding this Agreement of which they have done. The Parties assert that by executing this Agreement, they are giving their informed consent to the terms of this Agreement.

8. **Severability.** Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal, invalid, unenforceable, or void, such declaration or determination shall not affect the remaining terms of this Agreement, which shall be fully legal, valid, and enforceable pursuant to the terms of this Agreement. It is further understood and agreed that if, at any time, a violation of any term of this Agreement is asserted by any party hereto, that party shall have the right to seek specific performance in the United States District Court for the Western District of Washington, Bankruptcy Division, which shall be the sole relief to which the aggrieved party is entitled. If either party is required to file an action to enforce any of the terms or conditions of this Agreement, the successful party in such action shall be awarded its attorney fees and expenses, as well as its costs of suit, if any, incurred in the litigation of the action filed under this section. This Agreement shall be construed, interpreted and enforced in accordance with the laws of the State of Washington, without regard to conflict of laws principles.

9. **Authority to Execute.** The persons signing this Agreement specifically warrant and represent that they have full power and authority to execute this Agreement, have carefully read and understand the terms of this Agreement and are entering into it voluntarily, and further represent that they have not transferred, assigned or otherwise conveyed in any manner or form,

any of the rights, obligations, or claims that are the subject matter of this Agreement. The Parties further represent and acknowledge that in executing this Agreement, they have not relied upon any representations or statements not set forth herein made by any Party or the Party's agents, representatives or attorneys with regard to the subject matter of this Agreement.

10. <u>Liability for Taxes.</u> Ellis expressly assumes all responsibility and liability for payment of any taxes which may be deemed due and owing, to any authority on the account of the Settlement Amount. Upon receipt of the Settlement Amount, Ellis will issue an IRS form W9 and provide it to NDR.

11. <u>Integration Clause</u>. This document sets forth the entire agreement between the Parties and may not be modified or amended except by a writing signed by all Parties. There are no representations, arrangements, understandings, or agreements, oral or written, relating to the subject matter of this Agreement, except as expressed herein.

12. <u>No Waiver</u>. The failure of any Party to exercise its rights under this Agreement or to insist upon strict performance of the terms hereof shall not operate as a waiver or preclude such Party from later exercising its rights hereunder.

13. <u>Drafting</u>. This Agreement reflects the negotiations of the Parties and drafting efforts of both sides, and no construction or interpretation shall consider any party as the drafter of the Agreement.

14. <u>Headings.</u> The headings in this Agreement are inserted for convenience only and do not control or influence the meaning or interpretation of the terms hereof.

15. <u>Counterparts/Effective Date</u>. This Agreement shall become effective immediately following execution by each of the Parties. This Agreement may be executed in counterparts, in which case, upon delivery, each such counterpart shall be sufficient as against the Party or Parties executing it. A facsimile or PDF/e-mail signature of a Party to the Agreement shall have the same force and effect as an original signature. This Agreement shall be effective upon the date both Parties have executed the Agreement ("Effective Date").

Page 3 of 4

Case 20-40514-BDL    Doc 26    Filed 11/06/20    Ent. 11/06/20 14:22:19    Pg. 6 of 7

IN WITNESS WHEREOF, this Agreement has been approved and executed by the Parties on the date written below:

_____ Dated: 11/6/2020
Kathryn A. Ellis as Chapter 7 Bankruptcy
Trustee for the Bankruptcy Estate of
Cookie Kinney


National Debt Relief, LLC

_____ Dated: 11/6/2020
Alex Kleyner, President

Page 4 of 4

Case 20-40514-BDL    Doc 26    Filed 11/06/20    Ent. 11/06/20 14:22:19    Pg. 7 of 7